UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIE SANDERS

CASE NO. 14-cv-139-JJB-SCR

VERSUS

SAFETY SHOE DISTRIBUTORS, L.L.P.

# RULING

Before this Court is a Motion (doc. 12) for Partial Summary Judgment by Defendant, Safety Shoe Distributors, L.L.P. "Safety Shoe". Plaintiff, Willie Sanders, filed his complaint with this Court based on his claim of employment discrimination.

## STANDARD OF REVIEW

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that

1

establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## FACTUAL ALLEGATIONS

Mr. Sanders was employed as a shoe salesman with Safety Shoes since September 2010 (doc. 1, at 2). Of Safety Shoe's two Baton Rouge stores, Mr. Sanders claims to have been the only African-American employed at either of the two stores. *Id*. One of the two Baton Rouge stores is located onsite at the ExxonMobil refinery. Mr. Sanders claims that he was subject to "repeated, racially charged, disparaging comments from customers, employees of ExxonMobil." *Id*. at 3. Mr. Sanders reported these incidents to his supervisor, who is Caucasian. The supervisor "refused to do anything" and even "defended the actions of the customers/employees of ExxonMobil." According to Mr. Sanders, he filed a complaint of discrimination based on race and color with the Equal Employment Opportunity Commission ("EEOC") on August 15, 2012 (doc. 1, at 3).[1] Further, Mr. Sanders states that the EEOC sent him a "notice of the charge" in a letter dated August 27, 2012.[2] *Id*.

On September 14, 2012, Mr. Sanders was terminated from employment by the same supervisor (doc. 1, at 3). Defendant stated that Mr. Sanders was fired for lack of work performance and cited to written Employee Reprimands from June 15, 2011 through July 16, 2012. Mr. Sanders claims that his signature was on only the first of the reprimands, and he denies receiving any additional reprimands. *Id*. Following his termination, Mr. Sanders complained to the EEOC of retaliation, also on October 3, 2012, for filing his initial complaint with the EEOC

---

[1] Mr. Sanders does not cite to an exhibit showing the EEOC charge he filed claiming race discrimination. Safety Shoes, however, does include, as an exhibit, a charge filed by Mr. Sanders with the EEOC asserting race discrimination by Safety Shoes (doc. 12-3, at 8). If this is the same charge that Mr. Sanders is referring, then the correct date is October 3, 2012, the same day when the retaliation charge was signed.

[2] In Mr. Sanders' Opposition he now states that the EEOC sent a letter to Mr. Sanders granting him the right to sue on August 27, 2013, instead of the August 27, 2012 date from the Complaint (doc. 14, at 1). The date of August 21, 2013 is confirmed by the exhibit provided by Defendant (doc. 12-3, at 7).

(doc. 12-4, at 3). According to the complaint, "[a]n $800 monthly salary, plus commission and fringe benefits were part of Mr. Sanders's [*sic*] compensation." *Id*. Mr. Sanders claims that he has had "no plain, adequate, or complete remedy at law" and will therefore "continue to suffer irreparable injury from his treatment by Defendant unless Defendant are [*sic*] are enjoined by this Court." *Id*.

## ANALYSIS

With regards to Mr. Sander's initial charge with the EEOC of discrimination based on race, the Commission signed the dismissal of the charge and notice of Mr. Sander's right to sue on August 21, 2013 (doc. 12-3, at 7). As the Defendant notes, it is well established in the Fifth Circuit that if a lawsuit is not filed within the 90 days of receiving notice of the claimant's right to sue, then it is untimely (doc. 12-1, at 5). The EEOC signed its Notice of Right to Sue letter on August 21, 2013 regarding Mr. Sander's first charge of race discrimination. The letter was in response to Mr. Sander's charge with the EEOC on October 3, 2012 of discrimination based on race (doc. 12-3, at 8). While the notice was signed on August 21, 2013, Mr. Sanders does not state when the notice was then received. In a recent decision, the Fifth Circuit faced similar facts where the date notice was received was not stated (doc. 12-1, at 5, citing *Washington v. City of Gulfport, Mississippi*, 351 Fed. Appx. 916, 918 (5th Cir. 2009)). In its decision the Fifth Circuit applies a presumption of receipt that can range from three to seven days. *Id*. Even applying the most generous of presumptions, i.e. seven days, Mr. Sanders did not file suit for discrimination based on race until well beyond the 90-day period, specifically not until March 7, 2014 (doc. 1, at 3).

Mr. Sanders' Opposition "does not dispute…that he brought his suit more than 90 days after receiving a right-to-sue letter from the EEOC" (doc. 14, at 6). However, Mr. Sanders

3

believes that the same facts asserted in the complaint support claims under different statutes, namely 42 U.S.C. § 1981. *Id.* Safety Shoe's reply (doc. 16) limits this Motion (doc. 12) only to the discrimination and harassment claims brought pursuant to Title VII.

## **CONCLUSION**

The parties do not dispute that the complaint was filed beyond the 90-day right to sue period regarding the Title VII claims. Therefore, the Motion (doc. 12) for Partial Summary Judgment as to the claims of race discrimination and harassment brought pursuant to Title VII is **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 31, 2015.

 _____
 **JUDGE JAMES J. BRADY**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**